IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

MARIO ALBERTO RODRIGUEZ, §
Reg. No. 96456-380, §
    Movant, §
 §
 §    EP-18-CV-382-DB
v. §    EP-17-CR-2376-DB-1
 §
UNITED STATES OF AMERICA, §
    Respondent. §

## MEMORANDUM OPINION AND ORDER VACATING AND REINSTATING A JUDGMENT IN A CRIMINAL CASE AND DISMISSING MOVANT'S MOTION UNDER 28 U.S.C. § 2255

Mario Alberto Rodriguez challenges his 60-month sentence for possessing with the intent to distribute marijuana through a motion under 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 55.[1] He claims, among other things, that his retained counsel provided constitutionally ineffective assistance when he failed to file a requested notice of appeal. Id. at 7. After reviewing the record and for the reasons discussed below, the Court will vacate and reinstate the judgment in Rodriguez's criminal case, EP-17-CR-2376-DB-1, recommencing the fourteen-day period for him to file a timely notice of appeal. The Court will also dismiss Rodriguez's § 2255 motion without prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

On November 6, 2017, Rodriguez entered the primary inspection lane of the Border Patrol checkpoint near Sierra Blanca, Texas. See Plea Tr. 26–28, ECF No. 62 (summarizing the facts). He was the driver and sole occupant of a 2012 Dodge Ram 2500 pulling a trailer with a 1978 Chevrolet Camaro Z-28 on board. While he waited in line, a narcotics-detecting canine alerted to the odor of a controlled substance emanating from his vehicle. Further inspection led

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-17-CR-2376-DB-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

to the discovery of 213.3 kilograms of marijuana concealed within the trailer. Upon acknowledging his constitutional rights, Rodriguez claimed he had entered into an agreement with an unidentified woman to pick up an unspecified amount of marijuana in Santa Rosa, California, and haul it back to Houston, Texas, in exchange for ten pounds of marijuana.

Rodriguez was charged in a one-count indictment with possession with the intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1). Indictment, ECF No. 18. He pled guilty without the benefit of a plea agreement. He was sentenced to 60 months' imprisonment. J. Crim. Case, ECF No. 51; Statement of Reasons, ECF No. 52. He did not appeal.

Rodriguez claims in his § 2255 motion that his counsel provided constitutionally ineffective assistance. Mot. to Vacate 4–6, ECF No. 55. Specifically, he asserts his counsel failed to (1) advise him "the Government had requested a safety valve statement," and (2) make him "available for any debriefings or interviews." *Id.* at 5. As a consequence, he "did not get the safety valve," and the Court imposed the mandatory minimum sentence. *Id.* at 6. He also asserts his counsel failed to file a requested notice of appeal. *Id.* at 7. Rodriguez asks the Court to "apply the safety valve . . . and reduce [his] sentence by two levels." *Id.* at 13. In the alternative, he asks the Court to allow him to proceed with an appeal. *Id.*

## APPLICABLE LAW

A § 2255 motion " 'provides the primary means of collateral attack on a federal sentence.' " *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors that occurred at trial or at sentencing. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987). Before a court will grant relief, however, the movant must establish that (1) his "sentence was imposed

in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). Ultimately, the movant bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

An ineffective-assistance-of-counsel claim presented in a § 2255 motion is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail, a movant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689-94. This means a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). "[C]ounsel's assistance is deficient if it falls 'below an objective standard of reasonableness.'" *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *Strickland*, 466 U.S. at 688). "[T]o prove prejudice, 'the defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). If the movant fails to prove one prong, it is not necessary to analyze the other. *See Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v.*

*Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## ANALYSIS

Rodriguez claims his counsel provided constitutionally ineffective assistance. Mot. to Vacate 4–7, ECF 55. He asserts, among other things, that his counsel failed to file a notice of appeal:

> Attorney at the time of sentencing notified the court that on his intent of filing an appeal for Petitioner. Defense Attorney also requested this court to appoint counsel for appeal as Petitioner could not afford his legal bill for an appeal. However, Attorney never filed a formal Notice of Appeal or responded to Petitioner's phone calls in regards to the said appeal. As such, the time to file one expired and as a result Petitioner was not afforded or able to file a direct appeal.

*Id.* at 7.

At the time of Rodriguez's sentencing hearing, the following exchange occurred between Rodriguez's counsel, Charles W. Medlin, and the Court:

> MR. MEDLIN: Your Honor, this plea was done without benefit of a plea agreement and he's reserved his right to appeal. He would like to give notice of his appeal and request court-appointed counsel. I would ask to be allowed to withdraw as his attorney of record and ask the Court to qualify him for financial -- financially -- to have court-appointed counsel.
>
> THE COURT: File your motion. I'll rule on it.
>
> MR. MEDLIN: Thank you, Your Honor.

Sentencing Tr. 10, ECF No. 63. The record shows that Rodriguez's attorney did not follow up with a motion regarding an appeal or the appointment of appellate counsel after Rodriguez's sentencing hearing.

In response to Rodriguez's allegation, Medlin explains:

> I advised my client of all the e-mails and requests as to submitting written requests as to Safety Valve. I advised him to do so. He over and over chose not to. In court at sentencing, I again brought out that possibility.

> In my opinion, he knew what the Safety Valve was and how it could have applied to him. He refused to follow my advice to pursue it (either by debrief or in writing.)
>
> As to his appeal, I advised him of that right and explained the time limits and the protocol for appeal. I was not hired to pursue his appeal.
>
> My recollection is that at sentencing, the Court also advised and admonished him as to the Safety Valve and appellate rights.

Gov't's Resp., Exhibit A (Aff. of Charles W. Medlin), ECF No. 64-1.

"[C]ounsel is constitutionally required to fully inform the defendant as to his appellate rights." *White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999). Moreover, "[t]he Constitution requires that 'the client be advised not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal.'" *United States v. Faubion*, 19 F.3d 226, 231 (5th Cir. 1994) (quoting *Qualls v. United States*, 774 F.2d 850, 851-52 (7th Cir. 1985)). "[C]ounsel's failure to inform [a defendant] of the time limit for filing an appeal [is] objectively unreasonable." *United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993). Furthermore, the failure to file a requested notice of appeal is per se ineffective assistance of counsel, with or without a showing that the appeal would have merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 483-86 (2000).

Here, Rodriguez's counsel orally gave notice of his client's intent to appeal and requested court-appointed counsel to assist him. Sentencing Tr. 10, ECF No. 63. The Court instructed counsel to "file your motion." *Id.* Counsel did not comply with the Court's directive and failed to file a motion. Counsel's deficient performance deprived Rodriguez of more than a fair judicial proceeding—it deprived him of an appellate proceeding altogether. Rodriguez is entitled to relief.

The Court has "'broad and flexible power . . . to fashion an appropriate remedy'" in a § 2255 proceeding. *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir. 2008) (quoting *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997); *see also Andrews v. United States*, 373 U.S. 334, 339 (1963) ("a §

-5-

2255 proceeding can . . . be utilized to provide a . . . flexible remedy"); *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[W]e note the broad leeway . . . afforded district courts in the exercise of their § 2255 authority . . . because a district court's power under § 2255 'is derived from the equitable nature of habeas corpus relief.' ") (quoting *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997)).

Under the circumstances in this case, permitting Rodriguez to pursue an out-of-time appeal would serve as an equitable and appropriate remedy. *See Gipson*, 985 F.2d at 215 ("In the context of the loss of appellate rights, prejudice occurs where a defendant relies upon his attorney's unprofessional errors, resulting in the denial of his right to appeal."); *Childress v. Lynaugh*, 842 F.2d 768, 772 (5th Cir. 1988) ("Prejudice resulting from the denial of a defendant's right to appeal is presumed because a criminal conviction can be attacked on numerous grounds and thus, given the likelihood of prejudice, a case-by-case inquiry is not worth the cost.").

In the Fifth Circuit, "the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice." *United States v. West*, 240 F.3d 456, 460 (5th Cir. 2001). The sentencing court then reinstates the movant's judgment of conviction to reset the time of which his appeal should run. *See United States v. Flores*, 442 F. App'x 123, 124 (5th Cir. 2011) ("Once the judgment is reentered, [Defendant]'s notice of appeal will be treated as if it was filed on the date of or after reentry."). This procedure remedies counsel's deficiency by providing a § 2255 movant with the opportunity to file a notice of appeal from the re-imposed sentence within the fourteen days mandated by Federal Rule of Appellate Procedure 4(b)(1)(A)(i). *See West*, 240 F.3d at 459 (explaining the Fifth Circuit Court of Appeals sanctions this procedure, noting the distinction between the judicial and statutory remedy).

## CONCLUSION AND ORDERS

Accordingly, for the reasons discussed above, the Court enters the following orders:

**IT IS ORDERED** that the "Judgment in a Criminal Case" entered in cause number EP-17-CR-2376-DB-1 (ECF No. 51) is **VACATED** and **REINSTATED** as of the date a final judgment is entered in the instant civil cause, <u>**recommencing the fourteen-day period for filing a timely notice of appeal**</u> set forth in Federal Rule of Appellate Procedure 4(b)(1)(A)(i).

**IT IS FURTHER ORDERED** that Rodriguez's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 55) and cause number EP-18-CV-382-DB are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Rodriguez is **DENIED** a certificate of appealability concerning his § 2255 motion.[2]

**IT IS FURTHER ORDERED** that all pending motions in the above-numbered causes, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** the civil case.

SIGNED this 25th day of February 2020.

DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").